IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE VENOCO, LLC, *et al.*, | : : | Chapter 11 Bankr. No. 17-10828 (KG) |
| Debtors. | : | (Jointly Administered) |
| STATE OF CALIFORNIA and CALIFORNIA STATE LANDS COMMISSION, | : : : : : | |
| Appellants, v. | : : : | Civ. No. 19-463-CFC |
| EUGENE DAVIS, in his capacity as Liquidating Trustee of the Venoco Liquidating Trust, | : : : : | |
| Appellee. | : | |

## MEMORANDUM ORDER

Pending before the Court is the Joint Motion for Leave to Allow Interlocutory Appeal of the Order and Opinion Denying the Motions to Dismiss the Complaint filed by the State of California and the California State Lands Commission (together, "Defendants"). Civ. No. 19-mc-07-CFC, D.I. 3; Civ. No. 19-mc-11, D.I. 2 (the "Joint Motion"). Defendants' seek in the Joint Motion leave to appeal on an interlocutory basis three rulings made by the Bankruptcy Court in *In re Venoco, LLC*, 596 B.R. 480 (Bankr. D. Del. Jan. 2, 2019) (the "Decision"). The Bankruptcy Court denied in the Decision motions to dismiss filed by defendants in the adversary proceeding captioned *Eugene Davis v. State of California and California State Lands Commission*, Adv. No. 18-50908 (KG) (Bankr. D. Del.) (the "Adversary Proceeding").[1] By an order issued on February 19, 2019, *see* Civ. No. 19-mc-07-CFC, D.I. 29; Civ. No. 19-mc-11, D.I. 25, the Court granted the Joint Motion in part and gave Defendants leave to appeal immediately the Bankruptcy Court's Sovereign Immunity Ruling (defined below). The Court reserved judgment with respect to Defendants' request for leave to appeal on an interlocutory basis the Bankruptcy Court's Jurisdiction Ruling and the Exhaustion Ruling (each ruling defined below). The Court also stayed the Adversary Proceeding pending the outcome of Defendants' appeal of the

---

[1] The docket of Adversary Proceeding is cited herein as "Adv. D.I. ___."

Sovereign Immunity Ruling. D.I. 28 at 8.

For the reasons discussed below, the Court will deny the Joint Motion with respect to the Jurisdiction Ruling and the Exhaustion Ruling.

## I. BACKGROUND

On April 17, 2017, debtor Venoco, LLC and certain affiliates ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code. On May 23, 2018, the Bankruptcy Court confirmed Debtors' plan of liquidation. On October 16, 2018, the liquidating trustee ("Trustee"), on behalf of the liquidating trust established pursuant to the plan ("Trust"), initiated the Adversary Proceeding with the filing of a complaint in which the Trustee alleged state law claims of inverse condemnation with respect to a facility owned by the Trust. The substantive issue in the Adversary Proceeding is whether California's State Lands Commission has the right to continue occupying and using the facility without buying it or paying rent to the Trust.

On November 2, 2018, Defendants each filed a motion to dismiss the Adversary Proceeding (Adv. D.I. 8, 12) on various grounds including: (i) Defendants are immune from suit in any federal forum under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity; (ii) the Trustee may not pursue an inverse condemnation claim until it first exhausts state law remedies; and (iii) the Bankruptcy Court lacks subject

matter jurisdiction over the Adversary Proceeding.

The Bankruptcy Court issued its Decision denying Defendants' motions to dismiss on January 2, 2019. *See Venoco*, 596 B.R. at 494. The Bankruptcy Court concluded that Defendants are not immune from the Adversary Proceeding under the Eleventh Amendment (the "Sovereign Immunity Ruling"). *See id.* at 486–87. The Bankruptcy Court further determined that it had core "arising in" jurisdiction over the Adversary Proceeding, and alternatively, if it did not have core "arising in" jurisdiction, it had non-core "related to" jurisdiction over the Adversary Proceeding (the "Jurisdiction Ruling"). *See id.* at 487–90. Finally, the Bankruptcy Court determined that the Trustee was not required to have exhausted state law remedies before it initiated the Adversary Proceeding (the "Exhaustion Ruling"). *See id.* at 491.

Defendants filed their notices of appeal from the Decision on January 7 and 8, 2019, respectively. On January 16, 2019, Defendants filed their Joint Motion, by which they sought an immediate appeal of all three rulings. On February 19, 2019, the Court granted Defendants leave to appeal immediately the Sovereign Immunity Ruling and reserved judgment with respect to Defendants' request for leave to appeal immediately the Jurisdiction Ruling and Exhaustion Ruling. (Civ. No. 19-mc-07-CFC, D.I. 29; Civ. No. 19-mc-11, D.I. 25). On February 27, 2019,

4

the Court entered an Order[2] consolidating these appeals under Civ. No. 19-mc-07-CFC.[3] The Joint Motion is fully briefed.[4] (D.I. 3, 9).

## II. LEGAL STANDARDS

This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3).[5] Section 158(a) does not identify the standard district courts

---

[2] Civ. No. 19-mc-07-CFC, D.I. 30; Civ. No. 19-mc-11, D.I. 26.
[3] For ease of reference, the docket of the lead case, Civ. No. 19-mc-07-CFC, is cited hereafter as "D.I. __."
[4] Defendants filed a reply in further support of the Joint Motion (D.I. 19) ("Reply"). The Trustee subsequently filed a motion to strike the Reply or, in the alternative, for leave to file a sur-reply (D.I. 24) ("Motion to Strike"). Trustee argues that the Reply was not permitted under Rule 8004 of the Federal Rules of Bankruptcy Procedure. Trustee argues that the Motion to Strike should be granted for the additional reason that the Reply raises new arguments that Defendants failed to include in the Joint Motion. (*Id.* at 2). Bankruptcy Rule 8004 ("Appeal By Leave – How Taken") governs the Joint Motion. *See* FED. R. BANKR. P. 8004(b)(2) (providing a 14-day deadline for responses but remaining silent regarding any reply). In absence of any rule permitting one, there is no right to reply. *See C.A., Inc. v. Stonebranch, Inc.*, 2014 WL 931223, at *2, n.1 (E.D.N.Y. Mar. 7, 2014) (disregarding a reply memorandum filed under Federal Rule of Civil Procedure 72(b)(2) because, "[b]ased on the rule's plain language, there is no right to a reply"). Additionally, the docket reflects that to date Defendants have not sought leave from Bankruptcy Rules or permission from the Court to file the Reply. The Court will therefore grant the Motion to Strike and strike the Reply as procedurally improper.
[5] In their opening brief, Defendants wrote that "[t]o clarify the scope of the appeal, the Court *should* order that all aspects in the [Decision] are subject to review under *28 U.S.C. § 158(a)(1).*" D.I. 3 at 8 (emphasis added). Section 158(a)(1) provides for a right to appeal—i.e., without leave of the Court. Defendants do not argue,

should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).

"Piecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Accordingly, review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472–73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989).

Under the standards of § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a "controlling question of law"; (2) offers "substantial ground for difference of opinion" as to the order's correctness; and (3)

---

however, that they have a right to an appeal of the Jurisdiction and Exhaustion Rulings. On the contrary, they acknowledge that their request for leave to appeal those two rulings presents "the question of the sensibility of this Court considering[ ] in the same appeal [of the Sovereign Immunity Ruling] and on the same schedule" those two rulings. D.I. 19 at 2. *See also id.* ("This Court *should* grant review of the subject matter jurisdiction and [exhaustion] rulings") (emphasis added); *id.* ("28 U.S.C. § 158(a)(3) *allows this Court discretion* to hear interlocutory appeals") (emphasis added).

if appealed immediately, would "materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (en banc) (quoting 28 U.S.C. § 1292(b)). Leave for interlocutory appeal may also be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

## III. ANALYSIS

The Court will decline to exercise its discretion to grant leave to appeal immediately the Jurisdiction and Exhaustion Rulings for four reasons.

First, the Jurisdiction Ruling does not present a "controlling question of law," as required by § 1292(b). A "controlling question of law" is an issue that, if erroneously decided, would be reversible error on final appeal. *See Katz*, 496 F.2d at 755. It is also a question that does not require resolution of factual matters. *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977). The Jurisdiction Ruling, however, is inherently a factual matter. As the Third Circuit held in *In re W.R. Grace & Co.*, 591 F.3d 164, 174 n.9 (3d Cir. 2009), "[w]hat will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis." Accordingly, the Jurisdiction Ruling is not a controlling question of law appropriate for interlocutory review.

7

Second, the Exhaustion Ruling does not offer "substantial ground for difference of opinion" about whether the ruling is correct. For there to be "substantial ground for difference of opinion," there must be more than mere disagreement over the correctness of the Bankruptcy Court's ruling. To satisfy this standard, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998); *see also Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 386 (M.D. Pa. 2007). Here, there is no dispute about the correct legal standard. Defendants argue that the Exhaustion Ruling is erroneous because the Bankruptcy Court should have dismissed the Trustee's just compensation claim under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). The Supreme Court held in *Williamson* that a landowner could not file in the district court a Fifth Amendment–based just compensation claim against a planning commission until the landowner had first exhausted the available state procedures to obtain just compensation. *Id.* at 195. This exhaustion requirement of *Williamson*, however, is a "prudential requirement" that may be "excused" or "overlook[ed] . . . in appropriate cases." *Knick v. Twp. of Scott*, 862 F.3d 310, 327 (3d Cir. 2017). In this case, the Bankruptcy Court cited *Williamson* but excused its exhaustion "requirement" because the Adversary Proceeding was filed in the context of a

8

bankruptcy. *See* 596 B.R. at 491. Thus, the issue Defendants seek to litigate on appeal is not whether the Bankruptcy Court was cognizant of the correct legal standard, but whether the court applied that standard correctly.

Third, Defendants have not pointed to anything exceptional about the Jurisdiction Ruling or the Exhaustion Ruling that would "justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472–73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). Defendants assert that (i) the Decision is already reviewable on appeal as of right, by virtue of the Sovereign Immunity Ruling, and (ii) the Decision "address[es] important constitutional issues regarding federalism and the limits of bankruptcy jurisdiction" such that "the importance of [the] issues raised by the Bankruptcy Court's [Decision] are . . . exceptional circumstances justifying a grant of interlocutory appeal." (D.I. 3 at 16). But neither of these circumstances "distinguishes [this] case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26–27 (D. Del. 1996).

Fourth, this Court's congested docket counsels against granting leave for an interlocutory appeal. *See Katz*, 496 F.2d at 754 (noting that request for interlocutory appeal "may be denied for . . . reasons such as the state of the appellate docket").

## IV. CONCLUSION

For the reasons discussed above, the Court will not exercise its discretion to allow Defendants to appeal on an interlocutory basis the Jurisdiction and Exhaustion Rulings set forth in the Bankruptcy Court's Decision.

**WHEREFORE**, at Wilmington this Fifteenth day of May in 2019, **IT IS HEREBY ORDERED** that:

1. The Motion to Strike Reply to Response to Motion (Civ. No. 19-mc-07-CFC, D.I. 24; Civ. No. 19-mc-11, D.I. 20) is **GRANTED**.

2. The Joint Motion for Leave to Allow Interlocutory Appeal of the Order and Opinion Denying the Motions to Dismiss the Complaint (Civ. No. 19-mc-07-CFC, D.I. 3; Civ. No. 19-mc-11, D.I. 2) is **DENIED** with respect to Defendants' request for leave to appeal immediately the Jurisdiction Ruling, and it is further **DENIED** with respect to Defendants' request for leave to appeal immediately the Exhaustion Ruling.

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE