IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE VENOCO, LLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. No. 17-10828 (KG) |
| Debtors. | : | (Jointly Administered) |

| | | |
|---|---|---|
| STATE OF CALIFORNIA, | : | Civ. No. 19-mc-07-CFC |
| | : | |
| Appellant, | : | |
| v. | : | |
| | : | |
| EUGENE DAVIS, in his capacity as | : | |
| Liquidating Trustee of the Venoco | : | |
| Liquidating Trust, | : | |
| Appellee. | : | |

| | | |
|---|---|---|
| CALIFORNIA STATE LANDS | : | Civ. No. 19-mc-11-CFC[1] |
| COMMISSION, | : | |
| Appellant, | : | |
| v. | : | |
| | : | |
| EUGENE DAVIS, in his capacity as | : | |
| Liquidating Trustee of the Venoco | : | |
| Liquidating Trust, | : | |
| Appellee. | : | |

## MEMORANDUM OPINION

January 17, 2020
Wilmington, Delaware

---

[1] Civ. No. 19-463-CFC was opened as an administrative matter in connection with the joint mediation of the above-captioned appeals and therefore involves no appeal or appellant separate from the appeals filed in Civ. No. 19-mc-07-CFC (D.I. 1) and Civ. No. 19-mc-11-CFC (D.I. 1). Unless otherwise stated, citations to "D.I." in this Memorandum Opinion refer to the docket items in Civ. No. 19-mc-07-CFC.

                          *Colm F. Connolly*
                          COLM F. CONNOLLY
                     UNITED STATES DISTRICT JUDGE

Appellants, the State of California and the California State Lands Commission, have moved for an emergency stay of the adversary proceeding from which these bankruptcy appeals were taken "pending the exhaustion of [their] appellate rights" with respect to the Order I issued on January 3, 2020. D.I. 46 at 5.[2] The adversary proceeding is captioned: *Eugene Davis v. State of California and California State Lands Commission*, Adv. No. 18-50908 (KG) (Bankr. D. Del.). Appellee has proposed that the Bankruptcy Court schedule a three-day trial in the adversary proceeding to begin on March 27, 2020. D.I. 46-3.

In the Order, I affirmed the Bankruptcy Court's determination in *In re Venoco, LLC*, 596 B.R. 480 (Bankr. D. Del. 2019), that the complaint filed in the

---

[2] Appellants did not cite any procedural rule or other basis for their motion. It may be that they did not rely on Federal Rule of Bankruptcy Procedure 8025 or Federal Rule of Civil Procedure 62 because they are appealing from a non-injunctive order as opposed to a judgment or injunctive order. *See* Fed. R. Bankr. P. 8025(b)(1) (authorizing district court to "stay its judgment pending an appeal to the court of appeals."); Fed. R. Civ. P. 62 (referring to "stayed judgment" and stays "of proceedings to enforce a judgment," and authorizing court to suspend, modify, restore, or grant an injunction "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction . . . ."). In any event, a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

adversary proceeding was not barred by sovereign immunity and I directed the Clerk to close these appeals. D.I. 44. Appellants jointly filed on January 7, 2020 a notice of appeal of the Order to the United States Court of Appeals for the Third Circuit. D.I. 45. They filed their stay motion that same day, immediately after filing their notice of appeal. In effect, by the stay motion, Appellants seek to extend the stay of the adversary proceeding that I had earlier granted "pending this Court's determination of Appellants' appeal of" the Bankruptcy Court's sovereign immunity ruling. D.I. 28 at 8.

Appellee agrees that under *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), the collateral order doctrine afforded Appellants the right to appeal the Bankruptcy Court's sovereign immunity ruling to this Court, D.I. 9 at 1, and it does not dispute Appellants' right to an interlocutory appeal of my sovereign immunity ruling to the Third Circuit. Appellee objects, however, to the stay motion.

I. **Jurisdiction**

Appellee contends first that the filing of the notice of appeal divested this Court of jurisdiction to decide the stay motion. D.I. 57 at 1. Courts are divided on this issue. The majority view—and the view held by the only court of appeals that has addressed the issue—is that a district court retains jurisdiction to grant a stay of the bankruptcy proceeding after the notice of appeal has been filed. *See In re*

2

*Miranne*, 852 F.2d 805 (5th Cir.1988); *see also In re W.R. Grace & Co.*, 2008 WL 5978951, at *3–7 (D. Del. Oct. 28, 2008); *In re Olick*, 1996 WL 287344, at *1 (E.D. Pa. May 29, 1996); *In re KAR Dev. Assocs., L.P.*, 182 B.R. 870, 872 (D. Kan. 1995); *In re Winslow*, 123 B.R. 647, 647 n.1 (D. Col. 1991); *In re Imperial Estate Corp.*, 234 B.R. 760, 762 (9th Cir. BAP 1999). The minority view, which was adopted in decisions issued by three former judges of this District, is that the notice of appeal divests the district court of jurisdiction to issue a stay. *See In re Peregrin Syss., Inc.*, 312 B.R. 755, 756 n.1 (D. Del. 2004); *In re AWC Liquidation Corp.*, 292 B.R. 239, 243 (D. Del. 2003); *In re One Westminster*, 74 B.R. 37, 38 (D. Del. 1987).

The Third Circuit has not addressed the issue directly, but it has identified a number of "exceptions to th[e] general rule" that "once a notice of appeal is filed, jurisdiction is no longer vested in the district court." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir.1994). As the Court explained in *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir.1985):

> A district court, during the pendency of an appeal[,] is not divested of jurisdiction to determine an application for attorney's fees. *West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir.1983). Neither is it without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions. *See* Fed. R. App. P. 7 and 8. A district court also retains jurisdiction to issue orders with reference to the record on appeal, *see* Fed. R. App. P. 10 and 11, and to vacate a bail bond and order arrest. *United States v. Elkins*, 683 F.2d 143, 145 (6th

> Cir.1982). *See also* 9 J. Moore, Moore's Federal Practice ¶ 203.11 at n.2 (1980). Although we do not suggest that these are the only circumstances in which a district court retains power to act, we reiterate that the instances in which such power is retained are limited.

The purpose of the "judge-made rule" that generally divests district courts of jurisdiction during the pendency of an appeal is to "prevent[ ] the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *Id.* at 121.

In my view, the stay sought by Appellants' motion is akin to an injunction that preserves the status quo and the filing of the notice of appeal did not take from this Court the power to act and decide the merits of Appellants' motion. *See Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324 (Rehnquist, J. in chambers) ("Whatever the current application of the so-called jurisdictional shift theory to modern appellate procedure, it is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal, even to this Court."). My consideration of the motion will not create confusion or inefficiency resulting from simultaneous consideration of the same issue. The issue of a stay is not before the Third Circuit and may never come before it. Moreover, granting the stay motion, as I intend to do, will lead to efficiencies, since it will make it unnecessary for the Third Circuit to address on an emergency basis Appellants' request for a stay. Accordingly, I find that I have

4

jurisdiction to entertain Appellants' stay motion.

## II. Merits of The Motion

Citing *Goshtasby v. Board of Trustees of University of Illinois*, 123 F.3d 427, 428–29 (7th Cir. 1997), Appellants argue that I "must" issue a stay until their appeal is resolved by the Third Circuit because their immunity claim is not frivolous. D.I. 46 at 2. Appellee counters that I should weigh the four factors courts generally consider when deciding whether to issue a stay, and that none of those factors justify a stay. D.I. 57 at 6. *See In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015) ("In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest.").

As in this case, the appellant in *Goshtasby*, the University of Illinois, had argued in support of a motion to dismiss before the district court that the claims against it were barred because of Eleventh Amendment immunity. 123 F.3d at 427. The district court denied the motion, and the University filed an interlocutory appeal with the Seventh Circuit. *Id.* at 428. The district court denied the University's motion to stay discovery and other proceedings while the case was on appeal. *Id.* The Seventh Circuit, however, stayed the district court proceedings

5

based on its earlier decision in *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989).

As the Court explained, *Apostol*

> h[e]ld[] that when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay the proceedings. Our reason was not any formal division of "jurisdiction" between trial and appellate courts—for an appeal from an interlocutory order may endow both courts with authority over discrete portions of the case—but the fact that immunity gives a public official a "right not to be sued" as well as a right to win on the merits. Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls. This led us to say in *Apostol* that a district court may disregard a frivolous appeal and press ahead. But if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending. Just so with an appeal by a state under the [E]leventh [A]mendment. The Constitution gives states a right to confine litigation to their own courts, which led the Court in [*Puerto Rico Aqueduct & Sewer Authority v.*] *Metcalf & Eddy*[*, Inc.*], to hold that an order refusing to dismiss the case under the [E]leventh [A]mendment is a "final decision" appealable under 28 U.S.C. § 1291.

*Id.* at 428–29 (internal citation omitted).

*Goshtasby*'s reasoning makes perfect sense. If a stay is required when there is a non-frivolous assertion of absolute immunity on appeal, a stay should also be required when there is a non-frivolous assertion of Eleventh Amendment immunity.

Based on that reasoning, a stay is required in this case under the Third

Circuit's decision in *Forsyth v. Kleindienst*, 700 F.2d 104 (3d Cir. 1983). Consistent with *Apostol*, the Third Circuit held in *Forsyth* that "a stay must be granted" when a non-frivolous assertion of absolute immunity is raised in an interlocutory appeal. 700 F.2d at 105. In the Court's words: "[A]bsolute immunity protects the right not to be subjected to trial—a right that is lost if appellate review awaits final adjudication. It follows therefore, that a stay must be granted or the defendant will be deprived of the benefits of adjudication before trial." *Id.*

Just so here. Appellants have asserted on appeal a non-frivolous claim of Eleventh Amendment immunity. That immunity protects the right not to be subjected to trial in federal courts and it will be lost if appellate review awaits final adjudication in the bankruptcy proceeding. It follows therefore that a stay must be granted or Appellants will be deprived of the benefits of adjudication of that right before any trial.

### III. Conclusion

For the reasons discussed above, I will grant Appellants' motion and stay the adversary proceeding pending the Third Circuit's resolution of Appellants' appeal of this Court's January 3, 2020 Order affirming the Bankruptcy Court's sovereign immunity ruling.

7